**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK MILLER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:15-0384** |
| **v.** | : | |
| | | **(JUDGE MANNION)** |
| **AUTOPART INTERNATIONAL,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Pending before the court is the defendant's motion to dismiss the plaintiff's amended complaint. (Doc. 10). Based upon the court's review of the materials related to the motion, the defendant's motion to dismiss will be granted.

By way of relevant background, the plaintiff filed the instant action in the Court of Common Pleas of Luzerne County on January 23, 2015. The defendant was served with the action on or around February 3, 2015, and removed the action to this court on February 23, 2015 on the basis of diversity jurisdiction. (Doc. 1).

On March 19, 2015, the plaintiff filed an amended complaint. (Doc. 8). The defendant filed the instant motion to dismiss the plaintiff's amended complaint on April 2, 2015, (Doc. 10), followed by a supporting brief on April 16, 2015, (Doc. 12). On May 4, 2015, the plaintiff filed a brief in opposition to the defendant's motion to dismiss. (Doc. 14). The defendant filed a reply brief on May 22, 2015. (Doc. 16).

The defendant's motion to dismiss is brought pursuant to the provisions

of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider

"undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

In his amended complaint, the plaintiff alleges that, in or about May 2014, he was terminated from his position as a store manager of the Kingston, Pennsylvania, location of AutoPart International. At all relevant times, the plaintiff alleges that he was qualified to be employed as a store manager for the defendant and performed his work for the defendant in a good,

3

workmanlike and competent manner.

Prior to his termination from employment with the defendant, the plaintiff alleges that he had been charged in Luzerne County with a Class 1 driving offense. The plaintiff entered a plea of guilty to the offense in or about June 2013 and received an Accelerated Rehabilitative Disposition, ("ARD"), which included a 60-day suspension of his driving license. The plaintiff served the 60-day suspension from June 2013 through August 2013. During this time, the plaintiff alleges that he continued to performing his work in a good, workmanlike and competent manner.

The plaintiff alleges that the defendant had a policy of routine criminal background checks for employees and that he informed his direct manager that his driving license had been suspended at the time of the suspension. He alleges that his position did not require that he have a valid driving license.

In or around May 2014, the plaintiff alleges that a member of the defendant's upper management learned of the plaintiff's criminal history. On May 14, 2014 the plaintiff was informed that he was being terminated based upon his criminal record.

The plaintiff alleges that his termination based upon his criminal history was in violation of the Pennsylvania Criminal History Record Information Act, ("CHRIA"), 18 Pa.C.S. §§9101, et seq., and specifically §9125 of CHRIA, (Count I), and further, that his termination violated the public policy of the Commonwealth of Pennsylvania for rights of individuals to engage in any of

4

the common occupations of life and for the protection of individuals charged

with or convicted of crimes, (Count II).

In its motion to dismiss, the defendant initially argues that the amended

complaint fails to allege a legally sufficient claim under CHRIA. Section 9125

of the CHRIA, which regulates an employer's use of an applicant's criminal

history record information, provides, in relevant part, as follows:

> (a) General rule. Whenever an employer is in receipt of information which is part of an employment applicant's criminal history record information file, it may use that information for the purpose of deciding whether or not to hire the applicant, only in accordance with this section.
>
> (b) Use of Information. Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied.
>
> (c) Notice. The employer shall notify in writing the applicant if the decision not to hire the applicant is based in whole or in part on criminal history record information.

18 Pa.C.S. § 9125.

Although the plaintiff finds this to be "absurd", it is clear that §9125 is

relevant only to the hiring of a potential employee, not the termination of an

employee. See Ripley v. Sodexo, Inc., 2014 WL 4293117, at *4 (W.D. Pa.

Aug. 29, 2014) (citing 18 Pa.C.S. § 9125; Dean v. Specialized Sec. Response,

2011 WL 3734238 at *15 (W.D. Pa. Aug. 24, 2011); Negron v. Sch. Dist. of

5

Philadelphia, 2013 WL 3953866 (E.D. Pa. Aug. 1, 2013)[1]). Because the plaintiff here alleges that his criminal history was used in his termination, §9125 is inapplicable in the instant case and the defendant's motion to dismiss will be granted.

The defendant next argues that the amended complaint fails to allege a legally sufficient claim of wrongful termination based on Pennsylvania public policy. The court agrees. The general rule in Pennsylvania is that no common law cause of action exists against an employer for termination of an at-will employee. Weaver v. Harpster, 975 A.2d 555, 562 (Pa. 2009). "Exceptions to this rule have been recognized in only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy." Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 918 (Pa. 1989). Courts are to look to the Commonwealth's Constitution, court decisions, and statutes to determine Pennsylvania public policy. Weaver, 975 A.2d at 563. The United States Court of Appeals for the Third Circuit has explained that, although the perimeters of the narrow public policy exceptions have not been precisely defined, three limited circumstances have been recognized in which public policy will trump employment at will. Spyridakis v. Riesling Group, Inc., 398 Fed. App'x 793, 798-99 (3d Cir. 2003). The court set forth those circumstances as follows: "[A]n employer (1) cannot require an employee to

---

[1]The plaintiff argues that the court should not consider this case law because it is not controlling. While not controlling, the case law is persuasive.

commit a crime, (2) cannot prevent an employee from complying with a statutorily imposed duty, and (3) cannot discharge an employee when specifically prohibited from doing so by statute." Id.

In the instant action, the plaintiff has failed to allege any of the three defined circumstances in which public policy would override employment at will. Because the plaintiff was an at-will employee, and because his termination does not violate the narrowly defined Pennsylvania public policy exceptions, the plaintiff has failed to state a claim for wrongful discharge under Pennsylvania law. The defendant's motion to dismiss will be granted on this basis as well.

Because the plaintiff has already had the opportunity to amend his complaint and because any amendment would be futile, dismissal of the plaintiff's amended complaint will be with prejudice. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  March 2, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0384-01.wpd